UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

FRAN GALLOWAY,

     Plaintiff,

vs.

COUNTY OF ORANGE,

     Defendant.
----------------------------------------------------------x

BRIEANT

COMPLAINT

FILED
U.S. DISTRICT COURT
2007 MAR 21 P 3: 11
S.D. OF N.Y.W.P.

07 CIV. 2354

Through her counsel, Michael H. Sussman, plaintiff hereby alleges of defendant:

## I. PARTIES

1. Plaintiff resides in Montgomery, New York within this judicial district.

2. Defendant is a government which does business in this judicial district.

## II. JURISDICTION

3. Plaintiff timely filed a complaint with the EEOC in October 2006.

4. More than two months have passed since plaintiff filed her EEOC Complaint, and this matter has not been adjusted or resolved.

5. Pursuant to 29 U.S.C. sec. 621, **et. seq.,** this Court has jurisdiction to resolve this matter. Federal jurisdiction also lies pursuant to 28 U.S.C. secs. 1331 and 1343 (3) & (4) and 42 U.S.C. sec. 1988.

## III. FACTUAL ALLEGATIONS

6. Plaintiff is currently employed by the County of Orange in the Youth Bureau.

7. Plaintiff has worked for Orange County for more than 25 years.

8. Plaintiff is 59 years of age and was eligible to retire at the age of 55.



USDC S
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

9. Defendant has advised plaintiff that, had she retired at age 55 without at least ten years of consecutive service within the County, she would have been ineligible for county contribution to the costs of her health insurance.

10. Under the Collective Bargaining Agreement [CBA] which applies to plaintiff, if any employee, hired before December 17, 1984 [as she was] ends employment <u>before</u> retirement age, s/he may continue to participate in the employer's health insurance if s/he completed ten anniversary years of service with the employer [a condition plaintiff met], be enrolled in the employer's health insurance plan at the time s/he left employment and <u>be within five years of eligibility for retirement benefits from the applicable state retirement plan</u>.

11. The CBA continues, "To continue coverage after termination, the former employee must put the full cost of coverage <u>except that when the employee commences receiving his retirement benefits form the applicable State retirement plan the Employer will pay 1/20 of the premium for such coverage for each completed anniversary year of service by the employee for the employer</u>."

12. This provision intentionally works illegal age discrimination: it benefits persons who separate from the County within five years of retirement age [say a person aged 50], but not someone like plaintiff, who is aged 59 [four years over retirement age].

13. Under this provision, though plaintiff can retire [with more than 25 years of service at age 59], she is deprived of the very substantial benefit of defendant's contribution [1/20th of the cost of the health insurance for every year worked for the county].

14. If plaintiff were age 50, that is within five years of retirement age, with 25 years of service, the CBA would permit her to retire and receive health benefits paid for entirely by the

employer/defendant, applying the formula in the collective bargaining agreement.

15.   Plaintiff sought redress from this obvious age discrimination from county officials, but none responded to correspondence from her or her counsel.

16.   By dint of this illegal and intentional age discrimination, plaintiff has suffered pecuniary and non-pecuniary injuries and damages.

IV.  **CAUSE OF ACTION**

17.   Plaintiff hereby incorporates paras. 1-16 as if fully incorporated herein

18.   Defendant has violated plaintiff's rights as protected by 29 U.S.C. sec. 691, **et seq.**, which, **inter alia**, prohibits employment practices which discriminate on the basis of age, as does the provision challenged herein.

V.  **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this honorable Court:

a)  take jurisdiction of this matter;

b) empanel a jury to hear and decide all matters within its province;

c) require defendant to pay for plaintiff's health insurance coverage as per the terms of the collective bargaining agreement and offered younger, but otherwise similarly-situated, county employees;

d) award plaintiff make whole relief, as well as the fees and costs arising from this action and

e) enter any other order it deems required by law and equity.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

Page -3-

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991